UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICARDO CONCEPCION-PADILLA,

    Plaintiff,

v.                                                                  Case No. 5:23-cv-336-TKW-MJF

LT. ARMSTRONG, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a prisoner civil rights case. Defendants move to dismiss the case as malicious for Plaintiff's abuse of the judicial process in providing a false response to a question on the complaint form regarding his litigation history. Doc. 31. Plaintiff has responded by moving to amend and filing an amended complaint correcting the disclosure. Docs. 34, 35, 40. The undersigned recommends that the District Court dismiss this case as malicious under 28 U.S.C. § 1915(e)(2)(B)(i)—independently of Defendants' motion—for Plaintiff's abuse of the judicial process in failing to disclose honestly and completely his litigation history as it relates to a wholly different disclosure Plaintiff failed to make.

# I. BACKGROUND

Plaintiff is a Florida prisoner confined at the Santa Rosa Correctional Institution. Doc. 32. Plaintiff's Florida Department of Corrections inmate number (FDC#) is "Y16046." Doc. 1 at 2; Doc. 40 at 2.

Plaintiff is suing two prison officials at the Jackson Correctional Institution: Lt. Armstrong and Robin Morillo. Plaintiff claims that Defendants violated the Eighth Amendment on November 28, 2023, when Armstrong allegedly used excessive force on Plaintiff, and Morillo allegedly sexually assaulted Plaintiff. Plaintiff filed his original complaint on December 22, 2023. Doc. 1 at 1.

## A. **Defendants' Motion to Dismiss**

On October 3, 2024, Defendants filed a motion to dismiss. Doc. 31. Defendants maintain that Plaintiff's complaint is malicious because, although Plaintiff disclosed five prior federal lawsuits relating to the conditions of his confinement in response to Question VIII(C)—and Plaintiff also disclosed in response to Question VIII(C) that two of those cases were voluntarily dismissed, Plaintiff failed to disclose the two voluntarily-dismissed cases in response to Question VIII(A) that required

Plaintiff to disclose any case that was dismissed prior to service. Doc. 31 at 9–20.

B. **Plaintiff's Response and Proposed Amended Complaint**

In response, Plaintiff moved to amend his complaint, Doc. 34, and filed a proposed first amended complaint, Doc. 40. Plaintiff's proposed amendment corrects Plaintiff's answer to Question VIII(A), and discloses the two voluntarily-dismissed cases. *Id.* at 14 in ECF. In all other respects, Plaintiff's amended complaint is identical to his original complaint.

Defendants oppose Plaintiff's request to amend. Docs. 36, 37. They argue that allowing Plaintiff to now correct his answer through amendment would equate to overlooking Plaintiff's abuse of the judicial process because that course of action would entail no penalty.

The District Court need not address the disclosure issue raised by Defendants. Instead, the undersigned recommends that the District Court independently dismiss this case as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process in failing to disclose a prior habeas corpus action Plaintiff filed in federal court challenging his conviction.

## II. Discussion

### A. Dismissal Standard Under 28 U.S.C. § 1915(e)(2)

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), provides, in relevant part, that the district court "shall dismiss the case at any time if the court determines that . . . the action is frivolous or malicious[.]" 28 U.S.C. § 1915(e)(2)(B)(i).

When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under § 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same).

**B.     Plaintiff's Reponses to Questions on the Complaint Form**

Plaintiff provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 1 at 15–18 in ECF; Doc. 40 at 14–17 in ECF. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?

Doc. 1 at 15–16 in ECF; Doc. 40 at 14–15 in ECF. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

In response to the foregoing questions, Plaintiff disclosed the following five civil rights cases he filed in federal court:

1.   *Concepcion-Padilla v. Vargas*, No. 6:18-cv-1438-G_S-EJK (M.D. Fla.);

2.   *Concepcion-Padilla v. Johnson*, No. 5:19-cv-620-JLB-PRL (M.D. Fla.);

    3.    *Concepcion-Padilla v. May*, No. 5:21-cv-167-TKW-MJF (N.D. Fla.);

    4.    *Concepcion-Padilla v. Davis*, No. 5:22-cv-273-TKW-MJF (N.D. Fla.); and

    5.    *Concepcion-Padilla v. Godwin*, 5:23-cv-59-TKW-MJF (N.D. Fla.).

Doc. 1 at 15–17 in ECF; Doc. 40 at 14–16 in ECF. Plaintiff disclosed no other cases.

Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 1 at 18-19 in ECF; Doc. 40 at 17-18 in ECF. Thus, Plaintiff has in effect stated that at the time he filed this lawsuit, he had not filed any habeas corpus petition in federal court challenging his conviction.

## C.   **Plaintiff's Omission**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Plaintiff filed his original and amended complaints in this case, he had filed *at least* one other case that required disclosure. Specifically, on April 30, 2007, Plaintiff filed in federal court a habeas corpus petition challenging his 2002 convictions for First-

Degree Murder in Charlotte County Circuit Court Case No. 2002-CF-316. *See Padilla v. Secretary*, No. 2:07-cv-271 (M.D. Fla. Apr. 30, 2007). The Middle District denied the petition on May 19, 2010. *See Padilla v. Secretary*, No. 2:07-cv-271-FtM-36DNF, 2010 WL 1997422 (M.D. Fla. May 19, 2010). The foregoing habeas corpus petition bears Plaintiff's FDC# Y16046.

Plaintiff did not disclose the foregoing habeas case in his initial or amended complaint. *See* Doc. 1 at 17–18 in ECF; Doc. 40 at 16–17 in ECF. The case falls squarely within the complaint form's disclosure requirements. The case was a habeas corpus petition Plaintiff filed in federal court challenging his conviction. Plaintiff's failure to disclose the prior case violates his duty of candor to this court.

### D.  **The Materiality of Plaintiff's Omission**

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows

> consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these

compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to a question on the complaint form as detailed above. Plaintiff knew from reading the complaint form that he was required to disclose all prior habeas corpus petitions filed in federal court that challenged his conviction. Doc. 1 at 16 in ECF; Doc. 40 at 15 in ECF. Plaintiff also knew that the penalty for failing to disclose his prior litigation was dismissal of this case. The complaint form expressly warned Plaintiff:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on***

***the side of caution if you are uncertain whether a case should be identified.***

Doc. 1 at 13 in ECF; Doc. 40 at 13 in ECF.

There is no excuse for Plaintiffs failure to respond truthfully to the question on the complaint form. The question is straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *2-3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure).

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.     The Appropriate Sanction is Dismissal

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process

warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. The court should not allow Plaintiff's false response to go unpunished. *See Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after plaintiff failed to disclose a § 2254 action; noting that the habeas action fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same where *pro se* prisoner-plaintiff failed to disclose prior § 2254 petition; "A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

Dismissal as malicious is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses. *See Rivera*, 144 F.3d at 731; *see also Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, at *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576

F. App'x 897, 899 (11th Cir. 2014) (same); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Plaintiff *another* opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris*, 498 F. App'x at 964–65; *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This action be **DISMISSED** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i), for Plaintiff's abuse of the judicial process in failing to honestly and completely disclose his litigation history.

2. Defendant's motion to dismiss, Doc. 31, be **DENIED** without prejudice as moot in light of the District Court's independent dismissal of this case under the statutory authority provided by 28 U.S.C. § 1915(e)(2).

3. Plaintiff's motion to amend, Doc. 34, be **GRANTED** to the extent that Plaintiff's first amended complaint, Doc. 40, has been considered.

4. The clerk of court enter judgment stating that this case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) as malicious for Plaintiff's abuse of the judicial process.

5. The clerk of court be directed to close this case file.

At Panama City, Florida, this 13th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and**

recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.