UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**RICARDO CONCEPCION-PADILLA,**

    **Plaintiff,**

v.                              Case No. 5:23-cv-336-TKW-MJF

**LT. ARMSTRONG, et al.,**

    **Defendants.**

_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 41) and Plaintiff's objections (Doc. 42). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed under 28 U.S.C. §1915(e)(2)(B)(i) as malicious and an abuse of the judicial process based on Plaintiff's failure to completely disclose his litigation history.[1] *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a

---

[1] The magistrate judge also recommended that Plaintiff's motion to amend (Doc. 34) should be granted so the amended complaint can be considered. Typically, a motion like this would be denied, *see, e.g., Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020), but based on the procedural posture of this case, the Court agrees that the motion should be granted. This renders Defendants Armstrong and Morillo's motion to dismiss the original complaint (Doc. 34) moot.

prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury . . . .").

Plaintiff does not appear to contest the magistrate judge's determination that he did not fully disclose his litigation history by omitting a prior habeas case from his response to the litigation history questions in the amended complaint.[2]  Indeed, he states that he "concedes to the plain error and ask[s] the court for a dismissal without prejudice so Plaintiff can refile the merits of the case." Doc. 42 at 2.[3]  The Report and Recommendation does not specifically state that it is recommending dismissal without prejudice, but that is the effect of the dismissal because it is not on the merits and the statute of limitations on Plaintiff's claims does not appear to have run.

---

[2]  Even if Plaintiff had contested this determination, it would not have changed the disposition of this case because any argument that he was not required to disclose the prior habeas case would have been frivolous.  *See Brown v. Foskey*, 2024 WL 3497939, at *1 (N.D. Fla. July 22, 2024) (citing multiple cases in which this argument was rejected).

[3]  Despite this concession, Plaintiff spends the next 7 pages of his objections arguing that dismissal is not the appropriate sanction for his failure to disclose the prior habeas case.  That argument is meritless for the reasons explained by the magistrate judge.  *See* Doc. 41 at 10-11 (citing cases).  Plaintiff also filed a copy of an April 2023 grievance about the loss of his legal materials, *see* Doc. 43-1, but that does not excuse his failure to fully disclose his litigation history. *See Runge v. Desantis*, 2023 WL 5532146, at *1 (N.D. Fla. Aug. 28, 2023) (rejecting prisoner's argument that his failure to disclose prior case should be excused because his prison officials lost or destroyed his legal materials and explaining that "if for whatever reason Plaintiff no longer has a list of his prior cases, 'he can (and should) request [that information] from the appropriate clerks' offices before filing a new case'" (quoting *Bashir v. Meherg*, 2022 WL 4471965, at *1 (N.D. Fla. Sept. 26, 2022)) (alteration in original)).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's motion to amend (Doc. 34) is **GRANTED**, and the amended complaint (Doc. 40) is treated as the operative complaint for purposes of screening under 28 U.S.C. §1915A.

3. This case is **DISMISSED without prejudice** for maliciousness and abuse of the judicial process under 28 U.S.C. § 1915(e)(2)(B)(i).

4. Defendants Armstrong and Morillo's motion to dismiss (Doc. 31) is **DENIED as moot**.

5. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 2nd day of December, 2024.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**